**Nikita PETTIES, et al., Plaintiffs,**

v.

**DISTRICT OF COLUMBIA, et al., Defendants.**

**No. CIV.A.95–0148 PLF.**

United States District Court, District of Columbia.

June 25, 2003.

Eugene R. Fidell, James Feldesman, Tanya Ann Harvey, Melissa McKeithen Thomson, Khatereh S. Ghiladi, Feldesman, Tucker, Leifer, Fidell & Bank, LLP, Washington, DC, Beth Goodman, Bradford Paul Johnson, GOODMAN & JOHNSON, Washington, DC, Patricia Anne Millerioux, Elizabeth A. Greczek, University Legal Services, Inc. Protection and Advocacy Program, Washington, DC, Kelly R. Bagby, University Legal Services, Washington, DC, David Patrick Sheldon, Washington, DC, Jesse D. Stein, University Legal Services, Inc., Washington, DC, for Plaintiffs.

Andrew W. Racca, Steptoe & Johnson, L.L.P., Washington, DC, Barbara A. Miller, Birch, Horton, Bittner & Cherot, Washington, DC, Richard Stuart Love, Maria Claudia Amato, Jack M. Simmons, III, Robert C. Utiger, Garland Pinkston, Jr., Claude E. Bailey, Melvin W. Bolden, Jr., Jonathan F. Potter, D.C., Washington, DC, Laurel Pyke Malson, Crowell & Moring, L.L.P., Washington, DC, Michael Edward Zielinski, Social Security Administration, Long Beach, CA, Karen Ann Buck, Alexandria, VA, Walter A. Smith, Jr., Veleter Mazyck, DCPS General Counsel, Washington, DC, Daniel A. Rezneck, Office of Corporation Counsel, Washington, DC, Laurie Pouzzner McManus, Arlington, VA, Grace Perry-Gaiter, Washington, DC, for Defendants.

### CONSENT ORDER APPOINTING TRANSPORTATION ADMINISTRATOR

FRIEDMAN, District Judge.

Upon consideration of recommendations of the Special Master, the Parties' agreement, the Plaintiffs' Motion to Appoint a Receiver and Defendants' Opposition thereto and the record in this case, and the requirements of the Individuals with Disabilities Education Act ("IDEA"), § 504 of the Rehabilitation Act of 1973, the Americans with Disabilities Act, and the Civil Rights Act, 42 U.S.C. § 1983; and

WHEREAS, the Defendants, including the District of Columbia Public Schools ("DCPS"), are charged with consistently providing safe, timely and appropriate transportation services to eligible District of Columbia special education students as required under applicable law;

WHEREAS, the Defendants are committed to providing those services in a safe, timely and appropriate manner;

WHEREAS, after careful consideration and consultation, the Parties have determined that it is in the best interests of the children of the District of Columbia to attempt to resolve the issues raised in Plaintiffs' January 2003 Motion to Appoint a Receiver while permitting the government of the District of Columbia to remain intimately involved and responsible for its obligations under the Orders in this case and other requirements of law;

WHEREAS, the Parties agree that District of Columbia students with disabilities will benefit if an independent Transportation Administrator is appointed to manage, supervise and assume responsibility for the operations of DCPS's Transportation services;

WHEREAS, the Parties recognize the importance of appointing an independent Transportation Administrator who will be accessible to DCPS staff and leadership, responsive to D.C. students with disabilities and their parents, and who possesses the requisite independence and authority to assume responsibility for the transportation needs of students with disabilities;

WHEREAS, the Parties agree that David Gilmore, Gilmore Kean, LLC, possesses the requisite management qualifications and experience to assume the position of independent Transportation Administrator;

WHEREAS, the Parties believe that David Gilmore, Gilmore Kean, LLC, as an independent Transportation Administrator, and in conjunction and cooperation with other DCPS and District of Columbia leadership, Plaintiffs, the Special Master and the Court, will be able to implement the necessary meaningful long-term institutional improvements to ensure the safe, timely and appropriate provision of transportation services to students with disabilities in the District of Columbia;

WHEREAS, the Parties agree that continued court monitoring and oversight in the context of the Orders entered in this matter would promote the effectiveness of an independent Transportation Administrator; it is hereby,

ORDERED, based on the Special Master's Recommendation for Entry of a Consent Order and the Parties' agreement, the position of an independent Transportation Administrator (herein "Transportation Administrator" or "Administrator") is created under terms and conditions set forth below; and it is

FURTHER ORDERED that David Gilmore is appointed as the independent Transportation Administrator with Gilmore Kean, LLC, to provide support for that position.

## A. TRANSPORTATION ADMINISTRATOR'S DUTIES

The independent Transportation Administrator's duties shall include, but are not limited to the following:

1. To transform DCPS Transportation into a transportation entity that consistently provides safe and appropriate transportation services to eligible special education students in compliance with, *inter alia*, the Orders of this case, including the *Petties* Transportation Plan, the *Petties* Transportation Standards, and relevant statutory provisions;

2. To oversee, supervise and direct all financial, administrative, and personnel functions of DCPS Transportation, including payroll, labor relations, employee benefits, training, procurement and facilities management;

3. To preserve, protect, and administer all property and assets of DCPS Transportation, with the Transportation Administrator recognizing and preserving the District of Columbia's ownership interests in real property administered by the Transportation Administrator;

4. To develop and improve management systems, performance standards, recruitment, training and employee-management relations;

5. To cooperate and develop working relationships with the District of Columbia government, the Mayor, the Chief Financial Officer, the Board of Education, the Superintendent of Schools and other officials and staff within the District of Columbia Public Schools, the United States Congress, and federal agencies as necessary to achieve the purposes of this Order;

6. To establish a work plan for submission to the Court not later than six months after the date of the appointment which shall contain the following: (a) a statement of the current conditions and findings of significant deficiencies, if any; (b) establishment of specific objectives, tasks, schedules and performance standards to remedy each deficiency; (c) a proposed transportation budget, and (d) a plan for termination of the Transportation Administrator position created pursuant to this Order. The work plan will address the means through which the Transportation Administrator intends to bring DCPS Transportation into compliance with requirements established in this case;

7. To meet and consult bi-weekly, or more often as needed, with the Superintendent of DCPS personally, currently Dr. Paul Vance, and with a representative of the Mayor of the District of Columbia;

8. To jointly meet and consult with counsel for the Parties, on a monthly basis or more often as needed. The Transportation Administrator and counsel for the Parties shall strive to discuss matters related to this litigation at joint meetings, however, the Transportation Administrator may separately consult with the Special Master, counsel for Defendants, or counsel for the Plaintiffs;

9. To develop a plan for the long-term administration of DCPS Transportation, which shall include consideration of the structure and funding for the long-term operation of transportation for students with special needs;

10. To report to the Court every six months or more often as necessary on: (a) major actions taken during the previous six month period; (b) progress made toward achieving the objectives in the work plan; (c) changes, modifications, obstacles encountered and/or additions to the established objectives; (d) significant budgetary issues; (e) status of plans for long-term administration of DCPS Transportation; and (f) any other issues deemed appropriate by the Transportation Administrator; and

11. To contemporaneously provide all Parties and the Special Master with copies of any communication filed with the Court.

### B. POWERS AND AUTHORITY

After consultation with the Superintendent, the Transportation Administrator shall have the power and authority necessary, and consistent with applicable law and this Order, to carry out his duties and responsibilities. These include:

1. The authority to develop and make budget recommendations for DCPS Transportation and to work with the Superintendent, the District of Columbia Board of Education, the Mayor, the Chief Financial Officer, the City Council, and the United States Congress in negotiating and securing approval for the budget;

2. The authority to reform and restructure the DCPS transportation system;

3. The authority to establish personnel policies; to create, modify, abolish, or transfer positions; to hire, terminate, promote, transfer, evaluate, and set compensation for staff. The Transportation Administrator shall not modify employees' current pension benefits;

4. The authority to negotiate new, and renegotiate existing, contracts, agreements, and memoranda of understanding; and to act as a contracting officer as permitted or required by law. The Transportation Administrator shall inform the Court whenever an established contract, agreement or provision(s) thereof clearly prevent the Transportation Administrator from carrying out the duties and responsibilities set forth in this Order;

5. Authority to acquire, modernize, repair, lease and make recommendations for the disposal of property and equipment within DCPS Transportation's authority;

6. Authority to apply for and receive funds from public and private sources, including grant funding, and to expend funds in fulfillment of the duties and authorities in this Order, and within the constraints set forth herein;

7. Nothing in this Order empowers the Transportation Administrator to pledge full faith and credit of the District of Columbia or any of its agencies;

8. The Transportation Administrator shall act in a manner consistent with the laws and regulations of the District of Columbia. However, where those laws and regulations clearly prevent the Transportation Administrator from carrying out the duties and responsibilities set forth in this Order, the Transportation Administrator may petition the Court to waive any requirements imposed thereby;

9. The Transportation Administrator shall act in a manner consistent with the Orders, standards and other requirements of this case;

10. If and when necessary, and only to the extent the ancillary service applies to DCPS transportation services, the Transportation Administrator may assume authority over ancillary services held by other divisions within DCPS or the District of Columbia, including payroll, personnel, human resources, procurement, finance, facilities, and labor relations. Such authority includes the ability to hire personnel to perform services for the Transportation Division, to transfer responsibility for performing services to personnel within the Transportation Division, and to retain independent contractors to perform such services;

11. The Transportation Administrator shall not exert authority over ancillary services, described above, without first endeavoring to use current systems;

12. The Transportation Administrator shall have the authority to request legal assistance from the District of Columbia Corporation Counsel or may retain outside counsel; and

13. The Transportation Administrator shall be responsible for the entire DCPS Transportation Division, which has historically provided transportation services to some students who are not eligible for transportation as a related service, *e.g.* field trips, etc. The Transportation Administrator may, and is expected to, provide transportation services for these students. As feasible and without prejudice to students who are eligible for transportation as a related service, transportation services to non-eligible students shall be provided to the same extent as in the 2002–2003 school year or as otherwise agreed by the Superintendent and the Transportation Administrator. Nothing contained herein shall provide the Court with jurisdiction over students who are not entitled to special education services, nor do Plaintiffs' counsel represent students without disabilities in this matter.

C. FUNDING AND FINANCIAL DUTIES AND AUTHORITIES

1. Unless modified by the Court, the Transportation Administrator shall not expend funds in excess of $ 61.203 million (sixty-one million two hundred and three thousand dollars), the approximate amount expended in fiscal year 2002, for any fiscal year;

2. For each fiscal year, on or before October 1, Defendants shall set-aside the funding approved as the

budget for DCPS transportation and shall ensure that such funds are not expended for any other purpose except as addressed in this Order. Such monies shall be under the operational control of the Transportation Administrator. Defendants may set-aside funds on a pro-rated monthly basis if full funding for the District of Columbia has been delayed and is subject to a continuing resolution by the U.S. Congress;

3. Beginning September 1, 2003, and every September 1, December 1, March 1, and June 1, thereafter, the Transportation Administrator will provide the Court, the District of Columbia Chief Financial Officer, Plaintiffs' Counsel and Defendants with a quarterly budget report, including projected expenditures for the coming quarter. The quarterly report shall include any budget recommendations for DCPS transportation developed by the Administrator as a part of the regular DCPS budget cycle, or as otherwise contemplated by this Order. If the budget approved through the regular process is insufficient to meet the transportation needs of eligible special education students, and such other student transportation services as the Defendants reasonably propose the Transportation Administrator oversee, the quarterly report shall request any additional funds needed and the reasons therefore, consistent with paragraph C.1. above;

4. In addition to the funding in the approved budget, the Defendants shall set-aside any additional funds required to provide transportation services to eligible special education students in accordance with the preceding paragraph and shall ensure that such funds are not expended for any other purpose except as addressed in this Order. Such monies shall be transferred on a quarterly basis (by October 1, January 1, April 1, and July 1 of each year) and be under the operational control of the Transportation Administrator. Defendants may set-aside funds on a pro-rated monthly basis if full funding for the District of Columbia has been delayed and is subject to a continuing resolution by the U.S. Congress;

5. The Transportation Administrator's June quarterly budget report shall identify any funds that will not be expended prior to the end of the fiscal year (i.e. "surplus funds"). If any surplus funds are available from the Transportation Administrator's budget, the Transportation Administrator shall release the surplus funds to the Superintendent;

6. On or before July 1, 2003, Defendants shall set-aside and place under the control of the Transportation Administrator the amount of $11.5 million (eleven million five hundred-thousand dollars) for DCPS transportation provided through the end of fiscal year 2003 and shall ensure that such funds are not expended for any other purpose except as addressed in this Order;

7. The Transportation Administrator shall expend funds described herein only for the purposes contained in this Order; and

8. The Transportation Administrator shall strive to identify and eliminate inefficiencies and waste within DCPS Transportation.

D. OTHER PROVISIONS

1. The District of Columbia, the Chief Financial Officer of the District of

Columbia, the District of Columbia Public Schools, the District of Columbia Board of Education, and all Parties shall cooperate with the Transportation Administrator to further the purposes of this Order and shall remain subject to its terms so long as the Order remains in effect, and shall not alter or amend the powers of the Transportation Administrator, except by approval of the Court;

2. The Parties shall fully cooperate and work closely with the Transportation Administrator to assure that the needs of special education students and DCPS Transportation services are fully coordinated and the goals of this Order are met;

3. If the Transportation Administrator, after consultation with the Superintendent, acts in a manner to which the Superintendent objects, the Superintendent may file an objection with the Court for resolution of the dispute. The Transportation Administrator's decision and actions shall be binding on Defendants, unless and until modified by the Court;

4. Nothing in this Order shall be construed to limit the right of any party to this action to seek relief from the Court, be heard, or file any submission. In the event there is a conflict between the Transportation Administrator and the District of Columbia Public Schools, specifically, or the District of Columbia, generally, each shall be permitted to present their views and may, if desired, retain separate counsel;

5. Upon Order of the Court, the Transportation Administrator shall have such other authority as necessary to carry out his duties and responsibilities;

6. The Defendants shall continue to provide administrative, personnel, legal, and financial services, including but not limited to payroll, employee health benefits, procurement, and accounts payable and receivable, on a timely basis and in accordance with applicable law, unless otherwise requested by the Transportation Administrator pursuant to this Order;

7. The Transportation Administrator shall have access to all relevant District of Columbia personnel, records, and facilities;

8. Within 30 days of this Order, the Transportation Administrator shall submit to the Court a schedule of proposed fees and expenses for the implementation of this Order. Such schedule shall include proposed fees and expenses for David Gilmore, Gilmore Kean LLC and its staff and independent contractors. The Parties will then have ten (10) days in which to comment on this submission. In the absence of a finding that the proposed schedule of fees and expenses is unreasonable, Defendants shall pay such fees and expenses as incurred by the Transportation Administrator, David Gilmore, Gilmore Kean LLC, its staff and independent contractors, in carrying out the duties and responsibilities under this Order;

9. The Transportation Administrator shall submit to the Court and the Parties each month an account of his activities and an invoice for the reasonable fees and expenses incurred in his performance of the duties under this Order. Defendants shall pay such reasonable fees and expenses incurred within thirty (30) calendar days of receipt of the Transportation Administra-

tor's invoice, or as ordered by the Court. The Transportation Administrator's fees and expenses may include costs and expenses of David Gilmore, Gilmore Kean LLC, its staff and for those independent contractors identified in the Transportation Administrator's original schedule of proposed fees and expenses. If additional independent contractors will be reasonably required, the Transportation Administrator may include them in an invoice to the Court or submit them in advance for approval. Subject to comment by the Parties within ten days and the Court's review, Defendants shall be ordered to pay such additional reasonable expenses. The Transportation Administrator shall not bill separately for services regarding non-special education students;

10. The Transportation Administrator's fees and expenses, including those of Gilmore Kean LLC, shall not be paid from the transportation budget described in section C. Any management consultants that the Transportation Administrator uses will be paid out of the transportation budget, unless otherwise authorized by the Court;

11. Except as provided above, payments to independent contractors for performance of ancillary services including payroll, personnel, human resources, procurement, finance, facilities, and labor relations, shall be paid from the Transportation budget described in section C, above. Defendants shall remain responsible for all costs related to transportation services and fulfillment of this Order;

12. The Transportation Administrator shall have the same immunity provided to District of Columbia public officials; and

13. Pursuant to their monitoring responsibilities under this Court's Orders, Plaintiffs filed a Motion to Appoint a Receiver. In light of the agreement reached by the Parties and contained herein, the Motion to Appoint a Receiver is hereby withdrawn. Defendants shall pay Plaintiffs reasonable counsel fees incurred in relation to the Motion to Appoint a Receiver, including but not limited to negotiation of this Order, in accordance with this Court's Order of June 29, 1995 and subsequent orders of this case.

**IT IS SO ORDERED.**

### *ORDER*

On January 28, 2003, the plaintiffs in this class action filed a Motion to Appoint a Receiver "to bring the defendants' Transportation Division of the District of Columbia Public Schools (DCPS) into compliance with the Court's orders in this case." Plaintiffs' Motion to Appoint a Receiver at 1. The parties filed extensive briefs on this motion, which included a surreply by defendants and later supplemental briefs by both parties. A hearing on the motion scheduled for June 11, 2003 was postponed at the request of the parties.

On June 25, 2003, Elise Baach, the Special Master in this matter, filed a Report and Recommendation of the Special Master for Entry of a Consent Order Appointing a Transportation Administrator ("Report"), which represented that the parties have agreed that members of the class will benefit if an independent transportation administrator is appointed to manage, supervise and assume responsibility for the

transportation operations of DCPS. *See* Report at 1. Furthermore, the parties have agreed that David Gilmore and the firm of Gilmore Kean, LLC possess the requisite management qualifications and experience to assume the position of the transportation administrator for DCPS. *See id.* at 1–2. The Special Master submitted with the Report a Consent Order Appointing a Transportation Administrator, which represents that, in light of the agreement reached by the parties and the terms of the proposed Consent Order, plaintiffs are withdrawing their Motion to Appoint a Receiver.

Upon consideration of the foregoing and the proposed Consent Order Appointing a Transportation Administrator, and the Court this day having met with David Gilmore of Gilmore Kean, LLC, the Court has determined that the recommendation of the Special Master for entry of the Consent Order Appointing a Transportation Administrator pursuant to the agreement of the parties should be granted and that the pending Motion to Appoint a Receiver should be treated as withdrawn. Accordingly, the Court has this same day signed the proposed Consent Order appointing David Gilmore as the Transportation Administrator to manage, supervise and assume responsibility for the operations of DCPS's transportation services.

SO ORDERED.